While I concur with the majority's opinion that defendants should authorize the cervical MRI, I respectfully disagree with the majority's award of attorney's fess under N.C. Gen. Stat. § 97-88.1.
Contrary to plaintiff's assertions, the record evidence in this matter reveals that defendants did not accept compensability for plaintiff's neck condition, but rather her shoulder injury. While defendants did pay for some medical treatment related to plaintiff's neck, payment of medical treatment does not equate to acceptance of a new injury. Specifically, during the course of plaintiff's treatment, Dr. Isbell initially recommended a cervical MRI which was performed on August 2, 2006 and which was interpreted by Dr. Isbell as being essentially normal. Defendants paid for this MRI as it was recommended by the treating physician and was part of the initial diagnostic studies to evaluate plaintiff's injuries. However, when Dr. Isbell recommended a second cervical MRI a year and a half later and after plaintiff had undergone shoulder surgery, defendants were reasonable in denying this procedure until it could be ascertained as to whether plaintiff's neck condition and possible pinched nerve were causally related to the compensable shoulder injury. Further, the reasonableness of defendants' position is supported by the ruling by former Special Deputy Commissioner Henderson at the administrative level. After the determination was made by the Commission, defendants authorized the cervical MRI. *Page 8 
I believe defendants' defense of this claim was based in reason rather than stubborn, unfounded litigiousness. For this reason, I would deny plaintiff's request for attorney's fees under N.C. Gen. Stat. § 97-88.1.
 S/___________________ DIANNE C. SELLERS COMMISSIONER *Page 1